MIEDZINOWSKI, Appellant, vs. ST. JOSEPH'S ORPHAN ASYLUM, Respondent.

*September 13—October 11, 1927.*

*Infants: Juvenile Court Act: No new court created: Civil court of Milwaukee county: Not possessed of general equity powers.*

1. Ch. 48, Stats. (the Juvenile Court Act), did not create a new court. p. 637.
2. Under sub. (1) (a), sec. 48.01, Stats., the jurisdiction of a judge sitting as juvenile judge or as a judge of the juvenile court is limited to the case of children under sixteen years of age who are destitute, homeless, abandoned, or dependent, or without proper parental care; and hence a judge sitting as judge of the juvenile court did not have jurisdiction of a mother's proceeding to regain the custody of her child over sixteen years of age, though the child had been committed to the care of an orphan asylum as a dependent and neglected child when she was seven years of age. p. 637.
3. The trial court not having jurisdiction of this proceeding, the supreme court obtained none on appeal; and under the Civil Court Act (Laws of 1909, ch. 549, as amended) that court has no general equity powers authorizing it to take jurisdiction of a proceeding begun under chapter 48, Stats. p. 637.

APPEAL from an order of the civil court of Milwaukee county: JOSEPH E. CORDES, Judge. *Dismissed.*

It appears from the petition filed in this case that Alice Miedzinowski was by order of the juvenile court on the 27th day of October, 1916, committed to the care and custody of the *St. Joseph's Orphan Asylum* as a dependent and neglected child. She was born August 12, 1909, and was therefore seven years of age at the time of her commitment; that the petitioner is the mother of Alice, and alleges that she is a person of reputable character and of suitable means to provide a home; that the whereabouts of the father are unknown; that said Alice Miedzinowski was placed with the family of one Anthony Kraine in Clark county by *St. Joseph's Orphan Asylum,* and alleges that on said farm she is overworked and is in poor health; "that your affiant is desirous of having the care and custody of said Alice Miedzinowski returned to her, and that she stands ready and willing and pecuniarily able to furnish said Alice Miedzinowski with a suitable home, clothing, and to give her a proper education and proper bringing up and parental training."

Alice was at the time of the filing of the petition seventeen years of age. An order to show cause was issued, the matter came on for hearing, both the plaintiff and defendant, *St. Joseph's Orphan Asylum,* appearing by attorneys, the court "declined to hear or receive any testimony or the proofs offered by the petitioner, finds that the said Alice Miedzinowski is now more than sixteen years of age and therefore no case of neglect or dependency within the jurisdiction of the court exists, and the court declines to review or otherwise act in respect to the original commitment, made on the 27th day of October, A. D. 1916," denied the motion of the petitioner to have the care and custody of Alice Miedzinowski awarded to her, and dismissed the proceedings. From this order the petitioner appeals.

For the appellant there were briefs by *Harvey M. Burns,* attorney, and *Clarence W. Dodson,* of counsel, both of Milwaukee, and oral argument by *Mr. Dodson.*

*H. V. Kane* of Milwaukee, for the respondent.

ROSENBERRY, J.   Waiving the question of whether or not the order appealed from is an appealable order, the record discloses an insuperable obstacle to the maintenance of this proceeding.   It is conceded that the proceeding was begun and prosecuted under ch. 48, Stats., generally called the Juvenile Court Act.   This act did not create a new court. The nature of the court was fully discussed in *In re Johnson,* 173 Wis. 571, 181 N. W. 741.

By the language of sub. (1) (a) of sec. 48.01, Stats., the jurisdiction of a judge sitting as juvenile judge or as judge of the juvenile court is limited to the case of children under sixteen years of age who are destitute, homeless, or abandoned, or dependent upon the public for support, or have not proper parental care, guardianship, etc.   The child in this case being over sixteen years of age, having a lawfully appointed guardian, the petition was not sufficient to arouse the jurisdiction of the court under the provisions of ch. 48.   Therefore the trial court had no jurisdiction and this court obtains none upon appeal.

Petitioner seeks a reversal on the further ground that the court should in the exercise of its general equity powers proceed with the petition.   It does not appear that the civil court has any such general equity powers.   Its jurisdiction within this field is that prescribed by the Civil Court Act, and so far as the civil court is concerned this proceeding must stand or fall under that act.

*By the Court.*—Appeal dismissed.