No. 18,190.

DAN P. VIGIL *v.* PEOPLE OF THE STATE OF COLORADO.
(310 P. [2d] 552)

Decided April 29, 1957.

314

Mr. CHARLES S. VIGIL, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiff in error as defendant.

September 21, 1953, an information was filed in the district court of Costilla county in which defendant was charged with the crime of rape alleged to have been committed on the 20th day of September, 1953. Defendant was taken at once before the Honorable Robert R. Tarbell, a district judge of the Twelfth Judicial District who was then sitting at Alamosa, in Alamosa county, Colorado, and on September 21, 1953, was there arraigned upon the charge. He entered a plea of guilty and stated to the court at Alamosa that he was twenty-six years of age, and that it was all right with him to have the case heard in Alamosa county instead of Costilla county in which the offense was committed.

Thereupon, the prosecuting witness, a girl twelve years of age, testified that defendant and two other persons forced her into a car and each of them forcibly raped her. The arresting officer testified that defendant admitted the offense. September 25, 1953, defendant was sentenced to imprisonment in the Colorado State Penitentiary for a term of twelve to twenty years.

The sole assignment of error upon which counsel for defendant relies is set forth in the following words:

"It is the contention of the defendant that the trial court must advise an accused of his right to counsel and particularly where the accused is asked to waive the right to be tried in the County where the alleged attack

occurred. In this case the accused was taken by the Sheriff from San Luis County to Alamosa County, where he entered a plea of 'guilty.' This, to say the least, is highly irregular even though the accused readily agreed and he did not care where the trial took place.

"Under the circumstances, we feel that he has lost important rights and the case should be reversed and a new trial granted."

Questions to be Determined.

First: *Where in a criminal case the defendant expressly consents to arraignment in a county other than that in which the information was filed but which is in the same judicial district; and where upon said arraignment he enters a plea of guilty, and with his express consent the court hears evidence and enters judgment in the county in which the plea was entered; can defendant thereafter nullify the judgment upon the sole ground that the proceedings took place in a county other than the one in which the information was filed?*

This question is answered in the negative. The provisions of Section 16, Article II of our Constitution, to the effect that in criminal prosecutions the accused shall have the right to "a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed," confers a right solely for the benefit of the accused. In the instant case defendant expressly consented to the proceedings in the county where the arraignment was had. This amounted to a waiver of whatever right he might otherwise have had to be arraigned in the county where the alleged offense was committed. We direct attention to the fact that the provision of the constitution makes no reference to where arraignments shall be had, and guarantees only that the defendant has the right to a "speedy public trial by an impartial jury of the county or district * * *." Hence where the defendant enters a plea of guilty to the charge, there is no "trial" within the import of the language of this provision. Even where a not guilty plea is

entered and the issues of fact are determined by a jury, the accused may waive his right to trial in the county where the offense is committed. *Davis v. People,* 83 Colo. 295, 264 Pac. 658; *Munsell v. People,* 122 Colo. 420, 222 P. (2d) 615.

Second: *Does any provision of the Constitution of the United States or of the State of Colorado require that a defendant be informed by the court that he has the right to the advice of an attorney prior to arraignment upon an information charging the commission of a crime?*

This question is answered in the negative. In *Kelley v. People,* 120 Colo. 1, 206 P. (2d) 337, the issues of law raised by the question were considered at length. It is argued by counsel for defendant that we should now overrule our holding in the Kelley case. The argument is based upon 3 A.L.R. (2d), 1003-1089.

Our decision in *Kelley v. People, supra,* was cited with approval in the recent case of *Freeman v. Tinsley,* 135 Colo. 62, 308 P. (2d) 220, and we are not disposed to depart from the rule therein adopted.

The judgment is affirmed.