STRONG, Plaintiff in error, v. STATE, Defendant in error.*

*September 11—October 3, 1967.*

\* Motion for rehearing denied, without costs, on November 28, 1967.

For the plaintiff in error there were briefs and oral argument by *Manny S. Brown* of Racine.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney gen-

eral, *William A. Platz,* assistant attorney general, and *Gerald E. Clickner,* district attorney of Racine county.

HANLEY, J. Two issues are presented on this review: (1) Did the trial court have jurisdiction to hear or determine a motion for a new trial which was not made until more than two and one-half years after the finding of guilty but within one year of the sentence; (2) if the trial court had jurisdiction to hear a motion for a new trial, did the trial court abuse its discretion in denying the motion?

On the hearing of the motion, no question was raised by the state that the court was without jurisdiction. But on this review the question is raised whether a motion for a new trial can be properly made some two and one-half years after the trial and a finding of guilty. The state contends that the motion for a new trial was not brought within the time required by sec. 958.06, Stats., and that therefore the trial court was without jurisdiction to entertain the motion and concludes that, the trial court having no jurisdiction, nothing remains but to dismiss the writ of error.

There is no right to a new trial in criminal cases at common law. The statutes, however, provide such a right. The authority of the trial courts to grant motions for a new trial therefore rests entirely upon the statutes, and the power of the courts is restricted by the statutes. 24 C. J. S., *Criminal Law,* p. 7, sec. 1422, and *State v. Waters* (1965), 28 Wis. 2d 148, 152, 135 N. W. 2d 768.

Sec. 958.06 (1), Stats., which governs new trials in criminal cases provides in part:

"Within one year after the trial and on motion of the defendant the court may grant a new trial for any cause for which a new trial may be granted in civil cases, but on such terms and conditions as the court directs. . . ."

The statute goes to the subject-matter jurisdiction of the court over motions for new trials and subject-matter

jurisdiction can neither be waived nor conferred on the court. *Pillsbury v. State* (1966), 31 Wis. 2d 87, 142 N. W. 2d 187.

Sec. 270.06, Stats., defines a trial as ". . . the judicial examination of the issues between the parties, whether they be issues of law or of fact." According to this definition the trial would be concluded when the examined issues are resolved which is accomplished by either the jury verdict or findings of fact. Under this view sentencing would or would not occur depending upon the result of the trial.

In *Pulaski v. State* (1964), 23 Wis. 2d 138, 142, 126 N. W. 2d 625, this court stated:

". . . A trial is defined as a judicial examination of the issues between the parties whether they be issues of law or of fact. Sec. 270.06; see also 88 C. J. S., Trial, p. 19, sec. 1. We must agree the new trial contemplated by sec. 958.06 is a retrial of issues and the section affords no remedy for one convicted on his plea of guilty."

In *Berness v. State* (1955), 263 Ala. 641, 646, 83 So. 2d 613, the court held that the word "trial" when used in criminal cases means "proceedings in open court, after pleadings are finished, down to and including rendition of the verdict."

Defendant contends that sentencing should be included in the statutory definition of "trial." We think "sentencing" is more closely analogous to judgment than to the term "trial."

It is significant that sec. 957.255, Stats., dealing with new trials in county court misdemeanor cases specifically states that:

"Within one year after judgment has been rendered and on motion in writing of the defendant the court may grant a new trial for any cause for which a new trial may be granted in the circuit court or when it appears to the court that justice has not been done, and on such terms and conditions as the court directs. . . ."

Had the legislature intended that result in enacting sec. 958.06 (1), Stats., it could have simply so stated. We conclude that the term "trial" should be taken in its normal usage of the resolution of the issues and that since defendant did not file his motion within one year after the finding of guilty by the trial court, the writ of error should be dismissed because of a want of jurisdiction on the part of the trial court to consider the motion, with the resultant lack of jurisdiction to review a void order here. *Miedzinowski v. St. Joseph's Orphan Asylum* (1927), 193 Wis. 635, 215 N. W. 583; *Libby v. Central Wisconsin Trust Co.* (1924), 182 Wis. 599, 604, 197 N. W. 206.

Because of our ruling on the jurisdictional issue, we do not reach the merits of the issue of abuse of discretion by the trial court in denying defendant's motion for a new trial.

*By the Court.*—Writ dismissed.