**STATE of North Dakota, Plaintiff and Respondent,**

v.

**David HAPIP, Defendant and Appellant.**

**Cr. 386.**

Supreme Court of North Dakota.

Nov. 25, 1969.

Rehearing Denied Feb. 20, 1970.

McIntee, Whisenand & Calton, Williston, for appellant.

Helgi Johanneson, Atty. Gen., Bismarck and LeRoy Anseth, State's Atty., Williston, for respondent.

PAULSON, Judge.

This is an appeal from an order denying a motion for a new trial and from a judgment of conviction of the crime of petit larceny.

David Hapip attended a beer party on November 29, 1968, at the John G. Hegge farm, which is located about 28 miles north of Williston, North Dakota. There were approximately 100 young adults present at this gathering. During the time that Hapip was in attendance at the party, one of the individuals who was present had taken

the liberty of placing from two to three gallons of gasoline in the Hapip car. This gasoline was removed from a gas tank located on the Hegge farm, and was appropriated without the permission of the owner, Mr. Hegge. Thereafter a complaint was issued charging David Hapip with petit larceny.

The case was tried before the Honorable Lawrence O'Connell, Judge of the Williams County Court of Increased Jurisdiction, on December 26, 1968. Hapip voluntarily waived a trial by jury, pursuant to § 27–08–41 of the North Dakota Century Code. Evidence was submitted by the State and by the defendant. A qualified reporter was not present at the trial, but alleged notations of the proceedings were taken during the trial. Hapip was found guilty as charged and, through his attorney, made a motion for a new trial. The motion for a new trial was denied on January 13, 1969. The court, on February 24, 1969, entered a judgment wherein Hapip was adjudged guilty of the crime of petit larceny and was sentenced to pay a fine and costs aggregating $50.00. Hapip appealed from the order denying a new trial, dated January 13, 1969, as well as from the judgment of conviction dated February 24, 1969.

Hapip, in his motion for a new trial, set forth the following grounds, which are also contained in his appeal to this court:

1. The court erred in denying defendant's motion for dismissal and/or acquittal made at the conclusion of the State's evidence.

2. That the verdict is contrary to the law or clearly against the evidence.

3. That the defendant, without fault or negligence on his part, is unable to procure a correct and complete transcript of the evidence given and the proceedings had at the trial.

An appeal may be taken by the defendant from an order denying a motion for a new trial, pursuant to § 29–28–06(4), N.D.C.C.

A county court with increased jurisdiction has concurrent jurisdiction with the district court in all criminal actions below the grade of felony. § 111, N.D.Const. The Legislature has provided that the provisions of law and rules of practice and procedure applicable to the district courts in criminal actions, including appeals to the Supreme Court, shall apply to the county courts with increased jurisdiction. § 27–08–24, N.D.C.C.; State v. Timm, 146 N. W.2d 552 (N.D.1966).

Section 29–24–02(8), N.D.C.C., states in pertinent part:

"When a verdict has been rendered against the defendant, the court in which the trial was had, upon his application, may grant a new trial in the following cases only:

\* \* \* \* \* \*

"8. When the defendant, without fault or negligence on his or her part, is unable to procure a correct and complete transcript of the evidence given and the proceedings had at the trial."

During Hapip's trial there was no qualified court reporter present to take down the testimony and proceedings in shorthand and, consequently, there is no transcript of the proceedings before this court on appeal.

Hapip urges that the determinative issue on this appeal is whether the trial court erred in failing to provide at his trial a court reporter, pursuant to §§ 27–08–18 and 27–08–24, N.D.C.C., qualified to perform the duties set forth by § 27–06–03, N.D.C. C.

Section 27–06–01, N.D.C.C., provides that each judge of the district court may appoint a court reporter or some suitable person to act in his place if the reporter is incapacitated from acting. Section 27–08–18, N.D.C.C., provides that each judge of a county court of increased jurisdiction may appoint a court reporter who shall be qualified in the same manner as the reporter of

a district court and his duties shall be governed by the provisions of law relating to the duties of the reporter of a district court. Section 27–06–03, N.D.C.C., provides that court reporters shall take in shorthand all testimony and proceedings upon the trial of a case in the district court. Section 27–06–04, N.D.C.C., provides that the original shorthand notes shall be filed in the office of the clerk of court. Sections 27–06–05 and 27–06–07, N.D.C.C., relate to the preparation of a transcript of the shorthand minutes. These statutes provide that the reporter shall prepare such a transcript whenever requested to do so by a party to a proceeding, upon payment of the reporter's fees as required by statute.

█ After carefully considering all of the above statutes, we have concluded that a party to a litigated case in a county court of increased jurisdiction has a statutory right to have the proceedings upon the trial taken down by a reporter and to have a transcript of the proceedings certified as provided by statute. In State v. Severson, 75 N.W.2d 316, 317 (N.D.1956), this court stated, in paragraph 2 of the syllabus:

"2. The statutes relating to procedure in county courts of increased jurisdiction require that the record of the proceedings and testimony upon a trial of an action in such court be made by a court reporter or stenographer appointed by the judge of the court."

█ The State contends that the trial court did not err in failing to comply with the provisions of § 29–24–02(8), N.D.C.C. The State alleges that if there is a right to have the proceedings upon trial taken down by a reporter, Hapip, in this case, has waived his right by failing to object when a court reporter was not present for such purpose and to affirmatively demand that a record of the trial be reported.

Waiver of a right to have the proceedings upon trial reported in a criminal case in a county court of increased jurisdiction is a question of first impression in this court. In an analogous situation, the Supreme Court of the United States has set down a rule with regard to waiver of a defendant's right to counsel in a criminal action. Presuming a waiver from a silent record is impermissible; the record must show that there was an affirmative waiver by the defendant—anything less is not a waiver. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). In the instant case there is no record to show that there was an affirmative waiver. Waiver must be an overt act, not a passive act, supported by a record. We find that the process of proceeding to trial by Hapip did not constitute a waiver by him of his right to have the proceedings of the trial taken down by a court reporter. If any other construction were placed upon the act of Hapip, such construction would have a dual effect: first, Hapip would be waiving his right to have his trial taken down by a court reporter; second, a much more fundamental right would be waived—the right to appeal. While the latter right is a statutory right and not one granted by the Constitution, it is an important statutory protection for a defendant in a criminal case. We therefore hold that there was no waiver on the part of Hapip or his attorney to have the trial proceedings taken down by a court reporter.

Hapip alleges other specifications of error in his appeal to this court. However, since a new trial will be granted and the issues raised by Hapip's specifications of error involve questions of fact and of law, it is impossible for this court to make a determination of those issues without a transcript of the trial and proceedings had in the trial court. Therefore, the judgment of the county court of increased jurisdiction is set aside, the order denying the motion for a new trial is reversed, the case is remanded to the Williams County Court of Increased Jurisdiction, and a new trial is granted.

TEIGEN, C. J., and ERICKSTAD, STRUTZ and KNUDSON, JJ., concur.