**STATE of North Dakota, Plaintiff and Respondent,**

v.

**James J. DECKER, Defendant and Appellant.**

**Cr. No. 395.**

Supreme Court of North Dakota.

Oct. 30, 1970.

Rehearing Denied Dec. 23, 1970.

————◆————

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant and appellant.

Helgi Johanneson, Atty. Gen., Bismarck, Bruce R. Howe, State's Atty., and Albert J. Hardy, Asst. State's Atty., Dickinson, for plaintiff and respondent.

ERICKSTAD, Judge.

In this case, the defendant James Decker appeals from a county court order of the 20th of April, 1970, denying his motion for a new trial, "from the finding and conviction, dated April 7, 1970, of the defendant on a charge of driving while driver's license suspended, as well as from any judgment entered thereon, notice of entry of judgment not having been served upon the defendant or upon counsel having been appointed to represent said defendant."

The pertinent part of the motion filed with the court on the 16th of April, 1970, reads:

COMES NOW the Defendant, James Decker, and moves the Court for an order vacating any Judgment heretofore entered in the above entitled matter whereby the above named Defendant was sentenced to serve six (6) months at the State Farm at Bismarck, North Dakota, and further moves the Court for an order granting a new trial upon said charges on the ground and for the reason that without fault or negligence of the Defendant, the Defendant is unable to procure a correct and complete transcript

of the evidence and proceedings had in said matter and that said Judgment of Conviction is otherwise deficient in material respects.

This Motion is based upon the provisions of Section 29–24–02(8), North Dakota Century Code, as amended; State v. Hapip, 174 N.W.2d 717 (N.D.1970); and upon the Affidavit of Ward M. Kirby, Attorney, hereto attached.

The pertinent part of Mr. Kirby's affidavit reads:

Affiant further states that he has caused search to be made of the records contained in the above entitled proceedings at the offices of the County Judge, County Court of Increased Jurisdiction, Stark County, North Dakota, and that he finds therein no judgment of conviction completed in accordance with the provisions of the statute and further that it does not appear that there was any transcript made or kept of the proceedings had preliminary to the finding of a conviction of the above named defendant on a charge of driving a motor vehicle while his driver's license was suspended or revoked.

The pertinent part of the trial court's order denying the motion reads:

* * * the Court having considered said Motion for new trial and arrest of Judgment, if any has been entered, and the Court being of the opinion that the provisions of Section 29–24–02 do not apply and that the recent North Dakota Supreme Court decision of State v. Hapip, 174 N.W.2d 717, is not applicable to the proceedings had in this matter, the Court finds that the aforesaid Motion is without merit.

The record as it relates to Mr. Decker's prosecution prior to the filing on his behalf of a motion for new trial consists of a uniform traffic summons and complaint which charges him with "driving while under suspension in violation of Sec. 39–06–42 of the N.D. Century Code"; a document en-

titled "Pre-sentence Investigation", disclosing traffic violations since June 1967; a copy of the clerk's notes dated April 7, 1970; an instrument entitled "Conviction" signed by the county judge and filed in that court on April 7, 1970; an order of the county court of April 7, 1970, committing the defendant to the State Farm or to the county jail for six months; a document entitled "Commitment" dated the 7th of April, 1970, signed by the county judge, placing the defendant in the warden's custody; a document entitled "Notes of County Judge" signed by the judge; a document signed by the county judge entitled "Judgment-Criminal Action" dated April 7, 1970, but not filed until April 20, 1970.

Because of our view that Mr. Decker is entitled to a new trial for the reason that the State has failed to provide him with a means of obtaining a transcript of the proceedings leading up to and including his sentencing, we shall not consider today the other issues raised by the specifications of error filed with this court on appeal except as they incidentally relate to the importance of providing a means for a defendant in a criminal case to obtain a transcript of the proceedings, whether they involve a conviction based upon a plea of guilty or a conviction based upon a finding of guilty by a judge or jury.

Of the instruments referred to as containing the record in this case, perhaps the notes of the county judge are the most illuminating and pertinent to the basic issue. They read:

(1) Those persons present in court on 3–31–70 when the defendant's rights were read and explained to him were: Wm. B. Lord, Edward Malone, Thomas Ewing, and James J. Decker. The defendant waived his right to counsel and entered a plea of guilty to the charge of driving while license suspended. April 7, 1970 at 4:30 P.M. was the time set for pronouncement of sentence.

(2) The defendant voluntarily appeared before the court at 10:00 A.M. on the 7th day of April 1970. Those present were: Ardeen Ouellette, Edward Malone, James J. Decker, Thomas Ewing, and Mrs. Anton Decker.

(3) The attached sentence was read to the defendant who made no comment when asked if he had any statement to make.

In support of his contention that he is entitled to a new trial under Section 29–24–02(8), N.D.C.C., Mr. Decker refers us to State v. Hapip, 174 N.W.2d 717 (N.D. 1970).

Although that case may be distinguished from this case in that it was a litigated case in which evidence was submitted and a verdict rendered by the court, and the instant case is one wherein a plea of guilty was entered and no evidence was submitted, what we said in *Hapip* relative to the issue of waiver is quite relevant here. In *Hapip* the State contended that the defendant waived his rights to have the proceedings completely reported by failing to object to the absence of a court reporter and by trying the case without one. In finding no waiver of the right to have the proceedings therein recorded, this court, referring to Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), said that presuming a waiver from a silent record is impermissible.

The pertinent part of Section 29–24–02 reads as follows:

*Causes for granting new trial.*—When a verdict has been rendered against the defendant, the court in which the trial was had, upon his application, may grant a new trial in the following cases only:

\*    \*    \*    \*    \*    \*

8. When the defendant, without fault or negligence on his or her part, is unable to procure a correct and complete transcript of the evidence given and the proceedings had at the trial.

North Dakota Century Code.

Although the introductory part of Section 29–24–02 refers to the situation "when a verdict has been rendered" and does not specifically say that in all situations where a conviction is obtained a new trial shall be granted when any of the circumstances outlined in Subsections 1 through 8 are present, since the Legislature in Subsection 8 referred not only to a complete transcript of evidence but also to a complete transcript of the proceedings, it is our view that the Legislature contemplated that a defendant should be entitled to a new trial if without fault or negligence on his part he was unable to procure a correct and complete transcript of all proceedings through sentencing.

As the defendant points out, without a complete transcript of the proceedings it is impossible for this court to ascertain whether the defendant has been afforded his statutory rights, not to mention his constitutional rights. Pertinent statutory rights are embodied in Sections 29–26–11, 29–26–12, 29–26–17, 29–26–18, 29–26–19, N.D.C.C.

The record is perhaps most deficient in showing that the provisions of Section 29–26–11 have been complied with.

Said section reads:

*Defendant informed of rights.*—When a defendant appears for judgment, he must be informed by the court, or by the clerk under its direction, of the nature of the charge against him, and of his plea, and the verdict, if any, thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him.

§ 29–26–11, North Dakota Century Code.

As early as 1961 the supreme court of Colorado found a complete record essential to the defendant's right in a criminal case to appeal from an order or judgment of the county court.

We quote a part of that decision:

As to the necessity for a reporter in criminal cases, we now deem it incumbent to say that unless it appears that a defendant has expressly waived the presence of a reporter the county must furnish a reporter in all criminal cases.

\* \* \* \* \* \*

It has been said that the reason for the creation of courts of record is founded on the proposition that judicial records are not only necessary but indispensable to the administration of justice. The court hears arguments and decides upon its records; it acts by its records; its openings, sessions and adjournments can be proved only by its records; its judgments can be evidenced only by its records. The acts of a court of record are known by its records alone and cannot be established by parol testimony. The court speaks only through its records, and the judge speaks only through the court.

The statutes on criminal procedure in the county court provide such proceedings to be the same as in the district court. Decisions of this court point up the necessity of a reporter's transcript where this court is required to review the propriety of judgments of a trial court. It is, therefore, apparent that a reporter plays a vital role in criminal trials. We have heretofore held that an indigent defendant is entitled to a reporter's transcript without charge. In re Patterson, 136 Colo. 401, 317 P.2d 1041. By necessary implication a reporter would have to be present or no such order would be effective. \* \* \*

Herren v. People, 147 Colo. 442, 363 P.2d 1044 (1961).

If this case involved an offense for which imprisonment for more than six months were authorized, we would be faced with even more serious issues involving constitutional rights of the defendant. See Baldwin v. State of New York, a decision ren-

dered by the United States Supreme Court on June 22, 1970, wherein that court, speaking through Justice White, said:

> * * * no offense can be deemed "petty" for purposes of the right to trial by jury where imprisonment for more than six months is authorized.

Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed. 437 (1970).

If we were faced with the question of whether there was a waiver of certain constitutional rights, a complete record would be even more essential to that determination.

In that connection we note the far-reaching decision of Boykin v. Alabama, wherein the United States Supreme Court stressed the great importance of a record affirmatively showing intelligent and voluntary waiver.

We quote a part thereof:

> * * * The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of

course governed by federal standards. Douglas v. Alabama, 380 U.S. 415, 422, 85 S.Ct. 1074, 1078, 13 L.Ed.2d 934.

Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record.

> What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (Garner v. Louisiana, 368 U.S. 157, 173, 82 S.Ct. 248, 256, 7 L.Ed.2d 207; Specht v. Patterson, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326), and forestalls the spin-off of collateral proceedings that seek to probe murky memories.

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Not compelling upon us, but significant, are the Minimum Standards for Criminal Justice. We quote from the introduction to the Standards Relating to Pleas of Guilty:

> * * * Other standards in Part I concern what is certainly a fundamental objective of the pleading process: that pleas be knowing, voluntary, and accurate. There is currently considerable

uncertainty as to how well informed the defendant must be as to the consequences and other matters before his plea should be accepted. Procedures to ensure voluntariness often have not exposed the prior events which prompted the defendant to plead guilty or *nolo contendere*. Only in most recent law reform efforts has the need to inquire into the accuracy of guilty pleas been recognized.

The standards also require that the defendant have the aid of counsel prior to entry of the plea or, at least, time for deliberation if he is without counsel (section 1.3). The court is required to advise the defendant of certain rights and certain consequences of his plea (section 1.4); to determine the voluntariness of the plea, which includes inquiry into any plea agreement (section 1.5); and to enter judgment on the plea only when satisfied as to its factual basis (section 1.6). A verbatim record of these proceedings is required so that a reviewing court will have sufficient information to determine whether the defendant's rights have been protected (section 1.7).

Advisory Committee on the Criminal Trial, American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (New York: Institute of Judicial Administration, 1967) page 4.

In light of all of these considerations, we conclude that Mr. Decker is entitled to a new trial.

Having so decided, we find no need to discuss in detail the other specifications of error asserted on the appeal from the judgment; however, for clarification of procedure in the new trial, we state that we find no merit in Mr. Decker's contention that he was improperly charged with violating a penalty provision of the North Dakota Century Code rather than a prohibitory provision of the Code.

The judgment of conviction and sentence of the county court are therefore vacated, the order denying the motion for new trial is reversed, and the case is remanded for a new trial.

PAULSON, J., concurs.

STRUTZ, Judge (concurring in the result).

Because requiring a record to be made in all criminal cases will doubtless result in fewer appeals and fewer reversals of convictions, under recent decisions of the United States Supreme Court, I concur in the result of this case, and in the syllabus.

TEIGEN, Chief Justice (dissenting).

I dissent. The majority, by their opinion, have made it a requirement that in misdemeanor cases where the defendant pleads guilty a complete verbatim record must be made of all the proceedings before the court, leading to and including the sentence. If this is not done, the defendant is entitled to a new trial. I cannot agree that this is, or ought to be, the law. The majority have interpreted subsection 8 of Section 29-24-02, N.D.C.C., which provides a cause for granting a "new trial," as being applicable even though no trial was held. This is such a case. The defendant entered a plea of guilty and was sentenced by the court. No trial was held as there was no issue of law or fact for trial. The majority opinion interprets subsection 8 of Section 29-24-02, N.D.C.C., as referring "not only to a complete transcript of evidence but also to a complete transcript of the proceedings," and therefore hold that it is applicable to all proceedings through sentencing. In so doing they have neglected to consider the prepositional phrase, "at the trial." Subsection 8 provides:

"When the defendant, without fault or negligence on his or her part, is unable to procure a correct and complete transcript of the evidence given and the proceedings had *at the trial*."

[Emphasis added.]

The phrase "at the trial" limits the scope of the transcript to the evidence given and the proceedings had "at the trial."

In criminal cases a trial begins after the jury has been impaneled, or with the swearing of the jury, and it ends when the jury has returned its verdict. 53 Am. Jur., Trial, Sec. 4. Trial to the court begins after the waiver of a jury is entered on the minutes of the court. Section 29–16–02, N.D.C.C. The term "trial" does not extend to such preliminary steps as the arraignment and the giving of the plea. Thomas v. Mills, 117 Ohio 114, 157 N.E. 488, 54 A.L.R. 1220. The word "trial" includes all of the proceedings in the progress of a prosecution after the issues are made up, down to and including the rendition of the verdict. State v. Koch, 33 Mont. 490, 85 P. 272; State v. Swann, 5 N. C.App. 385, 168 S.E.2d 429. Sentencing is more closely analogous to judgment than to trial. Strong v. State, 36 Wis.2d 324, 152 N.W.2d 890.

A review of the statutes of our state on criminal procedure clearly establishes that the law as set forth above is applicable in North Dakota. Chapter 29–13, N.D.C.C., provides for the arraignment. Following the arraignment, Chapter 29–14, N.D.C.C., provides for motion and pleas. The pleas are classified by Section 29–14–15, N.D. C.C., as: (1) guilty; (2) not guilty; (3) a former judgment of conviction or acquittal; and (4) double jeopardy. The plea must be made in open court either at the time of the *arraignment* or at such other time as may be allowed. Section 29–14–20, N.D.C.C. A plea of not guilty puts in issue every material allegation in the indictment or information. Section 29–14–23, N.D.C.C. After a plea of not guilty, the defendant, if he requests it, is entitled to one or more days to prepare for *"trial."* Section 29–16–07, N.D.C.C. The right to at least one day's time for preparation for trial is absolute. State v. Chase, 17 N.D. 429, 117 N.W. 537. Section 7 of the North Dakota Constitution provides:

"The right of trial by jury shall be secured to all, and remain inviolate;
* * *"

Section 29–16–02, N.D.C.C., provides that a trial by jury may be waived by the consent of the defendant and the state's attorney expressed in open court; otherwise, the issues of fact must be tried by the jury. Chapter 29–17, N.D.C.C., provides the procedure for a trial by jury. Chapter 29–21, N.D.C.C., provides for the order of trial. Thus it is clear that the *trial* does not begin until the defendant has been arraigned and has entered a plea of not guilty. When the defendant pleads guilty and the court has discretion as to the punishment, it may hear witnesses for the limited purpose of determining what punishment shall be imposed. Section 29–14–18, N.D.C.C.

A new trial is a re-examination of the issues and places the parties in the same position as if no trial had been had, and all the testimony must be produced anew. Section 29–24–01, N.D.C.C. Unless there has been a trial, there can be no new trial. The reference to subsection 8 of Section 29–24–02, N.D.C.C., stating the causes for granting a "new trial" is applicable only if there has been a trial. This is made very clear by all eight subsections of Section 29–24–02, N.D.C.C., which provide the causes for a new trial. Subsection 1 states, in part:

"When the trial has been had, * * *"

Subsection 2 states:

"When the jurors have received out of court any evidence * * *"

Subsection 3 states:

"When the jurors, after retiring to deliberate * * *"

Subsection 4 states:

"When the verdict has been decided by lot * * *"

Subsection 5 states:

"When the court has misdirected the jurors in a matter of law, * * *"

Subsection 6 states:

"When the verdict is contrary to law or clearly against the evidence;"

and Subsection 7 states:

"When new evidence is discovered which is material to the defense and which the defendant could not, with reasonable diligence, have discovered and produced at the trial;

* * *"

Subsection 8, quoted above, also clearly limits its scope to the trial.

The subject matter of the statute should be construed as a whole and with a view of arriving at the intent of the Legislature. Beck v. Workmen's Compensation Bureau, 141 N.W.2d 784 (N.D.1966); Northwestern Sav. & Loan Ass'n v. Baumgartner, 136 N.W.2d 640 (N.D.1965); Jordan v. Western States Life Ins. Co., 78 N.D. 902, 53 N.W.2d 860 (1952); Hoellinger v. Molzhon, 77 N.D. 108, 41 N.W.2d 217, 19 A.L.R.2d 1147 (1950); Harding v. City of Dickinson, 76 N.D. 71, 33 N.W.2d 626 (1948); Coverston v. Grand Forks County, 74 N.D. 552, 23 N.W.2d 746 (1946); State v. Sheridan County, 72 N.D. 254, 6 N.W.2d 51 (1942). When this statute is so viewed it is clear that a new trial is available only after trial and that the trial may not begin until after a plea of not guilty has been made. Where a plea of guilty is accepted by the court, there is no trial. In Vigil v. People, 135 Colo. 313, 310 P.2d 552, it was held that under a constitutional provision providing for a speedy trial where the accused pleads guilty, there is no "trial."

After a determination of probable cause a prosecution for an alleged crime proceeds in four major stages: (1) the arraignment; (2) motions and pleas; (3) trial; and (4) judgment and sentence. If the defendant pleads guilty the third stage —trial—is dispensed with as there is no issue remaining for trial, and the court proceeds to the judgment and sentencing stage.

The defendant has not pursued the remedy available to him under the Post-Conviction Act or by habeas corpus. He has made no claim, and makes no claim now, that his constitutional rights have been violated. He is represented by efficient and effective counsel, and if I were to indulge in speculation it would be my judgment that his counsel has found no cause or ground upon which the conviction could be set aside if he pursued either of those remedies.

The majority have quoted from Herron v. People, 147 Colo. 442, 363 P.2d 1044. However, a reading of that case will disclose that there had been a trial in the county court at which the defendant was found guilty and the trial court, in its findings of fact, recited that a motion for a new trial would be denied. The case is similar to our case of State v. Hapip, 174 N.W.2d 717 (N.D.1970), which the majority also cite but state that it may be distinguished for the reason that it was a litigated case. The *Herron* and *Hapip* cases are procedurally similar as both were litigated cases and are not authority in this case.

The majority also make reference to Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. However, in neither of these United States Supreme Court decisions is it held that a verbatim record must be made from which a correct and complete transcript may be prepared and made available to the defendant, or the court, in order to determine on review the prerequisites of a valid waiver of the right to counsel or whether a guilty plea was voluntarily made. The court did hold that the waiver could not

be presumed from a silent record. However, the court said:

"The record must show, *or there must be an allegation and evidence which show,* * * *" [Emphasis added.]

that an accused intelligently and understandingly waived his constitutional rights or that his plea of guilty was voluntarily made. The quoted language indicates to me that, if the record does not so show, evidence may be produced in support of an allegation that the defendant's constitutional rights were preserved or that his guilty plea was voluntarily made.

The Federal Constitution does not require that a record be made in State criminal prosecutions, but if a defendant collaterally attacks the State criminal proceeding on a claim, after conviction, that he was deprived of his Federal constitutional rights, such claim raises issues which the United States Supreme Court has said cannot be decided in favor of the State on a silent record. It therefore has placed the burden on the State to allege and prove by evidence that it has complied with the Federal constitutional requirements, when the record of its proceedings does not so show.

The majority have foreclosed the State from this opportunity by their decision in this case. In my opinion, they have gone far beyond the holdings of the United States Supreme Court.

Post-conviction procedure acts and habeas corpus proceedings are evidentiary proceedings at which both parties may introduce evidence and the court makes its findings based on the evidence produced. These are in harmony with the high court's ruling.

In view of the holding of the majority it appears to me that hereafter a verbatim record of the arraignment, the plea, and the proceedings leading to and including the sentence must be recorded verbatim by a court reporter, or a stenographer appointed by the judge of the court, in all cases where guilty pleas are entered. Such record cannot be made by a magnetic recording device. State v. Severson, 75 N.W.2d 316 (N.D.1956). This case involves a misdemeanor punishable by imprisonment for not more than six months and a fine of not more than $500. In counties not having a county court with increased jurisdiction, a county justice has jurisdiction of such an offense. It therefore appears that the county justice court is also governed by this decision and the county justices will hereafter be required to have in attendance a court reporter, or a stenographer, for the purpose of making a verbatim record of all the proceedings had in that court where a plea of guilty is received.

I would affirm the order denying the motion for a new trial. If the defendant has a valid claim that his rights have been violated by the county court, he has a speedy and effective remedy under our Uniform Post-Conviction Procedure Act.

KNUDSON, J., concurs.