RANES MOTOR COMPANY, a corporation, Plaintiff and Appellee,

v.

David A. THOMPSON, Defendant and Appellant.

Civ. No. 9282.

Supreme Court of North Dakota.

March 10, 1977.

Berentje C. M. Pohlman, Enderlin, for defendant and appellant.

Stetson & Jones, Lisbon, for plaintiff and appellee; no brief filed nor oral argument made by appellee.

PEDERSON, Justice.

In October 1972 Ranes Motor Company filed suit in county court against Thompson, claiming damages of $249.69 for repairs done to Thompson's automobile. The answer charged that the work was defective and offered $75.00 as adequate for the acceptable portion of the work.

The case was tried on December 21, 1973, to the court without a jury, and with no provisions for recording the testimony. The court ordered judgment for Ranes Motor in the sum of $162.50, plus interest, in a document labeled "Minutes and Judgment," which it filed on December 26, 1973. The record on appeal is devoid of evidence of activity of any kind until July 12, 1976, when findings of fact, conclusions of law, and order for judgment were executed and filed. On the same day judgment was entered and filed. The notice of entry of judgment and of retaxation of costs set a hearing for July 28, 1976. The "Minutes" disclosed that Thompson's counsel appeared and "objected to the allowance of the costs because she feels that the judgment is illegal."

Thompson then filed a motion to vacate judgment pursuant to Rule 60(b), N.D.R. Civ.P., attaching thereto an affidavit in support thereof in which it is averred that

counsel for Thompson gave oral notice of intent to appeal at the end of the trial and that, thereafter, within a few days, the trial judge advised counsel for Thompson that Ranes Motor did not wish to have the matter appealed and had advised its own counsel not to seek entry of judgment.

A hearing was held on Thompson's motion and, in a document labeled "Minutes and Order," dated August 6, 1976, the court denied the motion. The motion was again denied by "Order Denying Motion to Vacate Judgment," dated August 18, 1976. Thompson appealed from this last order (incorrectly referring to it as bearing date of August 20, 1976), but does not appeal from the judgment itself. His argument is that Ranes Motor unreasonably delayed entry of judgment to such extent as to make it impossible to create a record for an appeal.

▆ Rule 10(c), North Dakota Rules of Appellate Procedure, provides for the creation of a record from the best means available, including appellant's recollection, when no report has been made. Thus, a long delay may make it more difficult; it does not make it impossible to create a record. During oral argument to this Court, Thompson's counsel acknowledged that, although there was no written stipulation, the parties did waive the necessity for a court reporter or other means to preserve a record of the testimony. It would have been preferable that the waiver had been reduced to writing, signed by the parties, and filed with the court. It nevertheless constitutes an effective waiver of the right to a new trial, as otherwise authorized by Rule 59(b)(8), N.D.R.Civ.P.

Rule 60(b), N.D.R.Civ.P., provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment."

We find nothing in Thompson's argument that brings this case within the scope of Rule 60(b)(1). We have a more serious question when we apply Rule 60(b)(6). *Gajewski v. Bratcher,* 240 N.W.2d 871 (N.D. 1976), discusses, at 891, the application of Rule 60(b)(6), and the conclusion is reached, as expressed in syllabus 9, that:

"Rule 60(b)(6), N.D.R.Civ.P., may not be used where any of subdivisions (1) through (5) of Rule 60(b) might be employed unless something more of an extraordinary nature justifying relief from the operation of the judgment is present." 240 N.W.2d 875.

The question that confronts us under Rule 60(b)(6) is: "What item of an extraordinary nature justifies relief from the operation of the judgment in this case?" Counsel refers us to Rule 58, N.D.R.Civ.P., as requiring that the prevailing party must enter judgment within a reasonable time, at the same time acknowledging that North Dakota Rule 58 specifically provides the remedy of entering judgment without prejudice by the other party if the prevailing party does not do so within thirty days.

The excuse offered as to why Thompson did not enter judgment as he could have, as shown in an affidavit presented to the trial court, is that the trial judge himself misled Thompson and his counsel into concluding that Ranes Motor had abandoned the case. Again, no record was made of this incident and no stipulation or order of dismissal was entered as would be available and necessary to protect Thompson's interest.

Rule 59(b)(8), N.D.R.Civ.P., provides for a new trial:

"8. When without fault or negligence on the part of the party aggrieved, such party is unable to obtain or secure a correct and complete transcript of the testimony and instructions given and proceedings had at the trial."

Rule 10(c), N.D.R.App.P., provides in part that:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best

available means, including his recollection."

If there is any inconsistency between this appellate rule and Rule 59(b)(8) of the Rules of Civil Procedure, it does not affect this case where there is an explicit waiver of the necessity to preserve a record and a new trial has not been demanded.

In three criminal cases—*State v. Decker,* 181 N.W.2d 746 (N.D.1970), *State v. Hapip,* 174 N.W.2d 717 (N.D.1969), and *State v. Severson,* 75 N.W.2d 316 (N.D.1956)—we said that, under the statutes, parties have the right to have proceedings recorded.

"* * * a party to a litigated case in either the district court or a county court of increased jurisdiction has a statutory right to have the proceedings upon the trial taken down by a reporter or some suitable person acting by appointment of the judge of the court and to have a transcript of the proceedings certified as provided by statute." *State v. Severson,* 75 N.W.2d 319, *supra.*

In each of those cases, without a record to review, this Court reversed and remanded for a new trial. Thompson has not pointed out where we have done so in any civil action. Section 27–08–24, N.D.C.C., makes applicable to both civil and criminal proceedings in county courts with increased jurisdiction, all laws and rules of practice and procedure applicable to the district court. Rule 59(b)(8), N.D.R.Civ.P., thus applies to both criminal and civil cases.

"The right of appeal from a final judgment is made unconditional; * * *" *Brusegaard v. Schroeder,* 199 N.W.2d 921, 926 (N.D.1972).

 We believe that the right to a trial with proper provisions for the preservation of an appealable record is also unconditional, but is subject to waiver. If the parties do consent to a trial without the preservation of a record of the testimony, a stipulation waiving the recording of testimony should be reduced to writing, signed by the parties, and filed. Likewise, when a case is to be abandoned, a proper, written stipulation and order of dismissal should be filed. This Court limits its review to matters appearing in the record, which, in this case, is the judgment roll.

The order denying the motion to vacate the judgment is affirmed. No costs are allowed on the appeal.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.