STATE of North Dakota, Plaintiff
and Appellee,

v.

Steve SPIEKERMEIER, Defendant
and Appellant.

Crim. No. 590.

Supreme Court of North Dakota.

July 29, 1977.

Tjon & Kettleson, Lisbon, for defendant
and appellant; argued by Jerome C. Kettle-
son, Lisbon.

Donavon K. Stetson, State's Atty., and
Wayne P. Jones, Asst. States's Atty., Lis-
bon, for plaintiff and appellee.

PEDERSON, Justice.

This is an appeal from the judgment and
sentencing of the Ransom County Court
With Increased Jurisdiction, entered upon a
plea of guilty by the defendant, Steve
Spiekermeier, to the charge of fleeing or
attempting to elude a police officer in viola-
tion of § 39–10–71, NDCC. Spiekermeier
alleges error in that part of the sentence
which ordered him to make restitution for
damages sustained by Deputy Sheriff Ped-
erson. We affirm the conviction but re-
verse and set aside the order directing resti-
tution to Officer Pederson under § 12.1–32–
08, NDCC, and remand for further hearing.

On February 13, 1977, Ransom County
Deputy Sheriff Thomas Dick and Highway
Patrol Officer Brumfield sustained dam-
ages to their vehicles while pursuing Spiek-
ermeier in a high-speed chase which began
in Enderlin, North Dakota, and ended near
Sheldon, North Dakota. During the chase,
Ransom County Deputy Sheriff Art Peder-
son, from his location in Fort Ransom,
North Dakota, over twenty miles away
from the chase, responded to a call from
state radio for assistance. Proceeding at
speeds of 80- to 85-miles per hour toward
the general area of the chase, Pederson
experienced a loss of engine power which
forced him to reduce his speed to 50-miles
per hour. Spiekermeier was already under
arrest when Officer Pederson arrived on
the scene.

The sentence imposed by the trial court
upon Spiekermeier's plea of guilty included
a three-day jail sentence, and a fine of $250.
The court also scheduled a hearing prior to
separately ordering the defendant to make
restitution or reparation as required by
§ 12.1–32–08, NDCC, which provides in rel-
evant part:

"12.1–32–08. Hearing prior to restitu-
tion or reparation order—Conditions.—1.
Prior to imposing restitution or repara-

tion as a sentence or condition of probation, the court shall hold a hearing on the matter with notice to the prosecuting attorney and to the defendant as to the nature and amount thereof. At or following the hearing, the court shall make determinations as to:

"a. The reasonable damages sustained by the victim or victims of the criminal offense, which damages shall be limited to fruits of the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action.

"b. The ability of the defendant to restore the fruits of the criminal action or to pay monetary reparations, or to otherwise take action to restore the victim's property.

"c. The likelihood that attaching a condition relating to restitution or reparation will serve a valid rehabilitational purpose in the case of the particular offender considered."

At the restitution hearing, the court accepted a stipulation by Spiekermeier in which he agreed to pay for the damage to the vehicles of Officers Brumfield and Dick in the amounts of $154.12 and $161.96, respectively. The court further ordered Spiekermeier to make restitution to Officer Pederson for damage to his engine in the amount of $335. No record was made of the sentencing hearing or the restitution hearing.

Spiekermeier makes no argument against his conviction but alleges several errors in the conduct of the restitution hearing. He argues that no notice was given "as to the nature and amount" of 'the restitution prior to the hearing, that the court relied upon improperly admitted evidence in determining the amount of restitution awarded to Officer Pederson, that the amount awarded was neither reasonable nor "actually incurred as a direct result of the defendant's criminal action," and that Officer Pederson is not a "victim" within the purview of § 12.1–32–08, NDCC.

■ Spiekermeier further contends that the trial court failed to consider the ability of the defendant to pay monetary reparations, or the likelihood that the amount awarded would serve a valid rehabilitational purpose as required by § 12.1–32–08(1)(b and c), NDCC. Spiekermeier also argues that since no record of the proceedings was made, his rights are not protected. The State apparently concedes this point, and also requests a new restitution hearing. We agree that a new hearing is required.

In previous criminal cases, without a record to review, we have remanded for a new trial. *State v. Decker,* 181 N.W.2d 746 (N.D.1970); *State v. Hapip,* 174 N.W.2d 717 (N.D.1970). Rule 33, NDRCrimP, provides that the court may grant a new trial if required in the interest of justice.

■ The entire record available to us includes only a traffic ticket, the trial court's "Minutes and Restitution Order," a document entitled "Criminal Judgment and Commitment," and the Notice of Appeal to the Supreme Court. Since the record contains no statement of the evidence or proceedings, we must conclude that none was prepared and submitted to the trial court for settlement and approval as permitted by Rule 10(c), NDRAppP, or prepared and signed by the parties and approved by the trial court as permitted by Rule 10(d), NDRAppP.

Our recitation of the facts with regard to the role played by Pederson is not from the record but from the briefs of the parties. If, upon remand, those facts are ultimately established and no other facts are produced, and facts as stated herein form the only basis for the court's determination, it is questionable that a legal basis exists for restitution inasmuch as they do not indicate that the damage to Pederson's vehicle was actually incurred as a direct result of Spiekermeier's criminal action.

The conviction is affirmed; the order directing restitution of damages sustained by Pederson is reversed, and a rehearing thereon is ordered.

ERICKSTAD, C. J., and SAND, VOGEL and PAULSON, JJ., concur.