June Term, 1860.

JONES v. COSTIGAN et al.

---

### JONES vs. COSTIGAN and others.

The owner of a mortgage upon real estate, who has obtained a judgment of foreclosure and sale, may maintain an action for an injury done to the premises before the sale, which impaired the security and prevented the full amount of the debt from being realized, the mortgagor being insolvent, and the act having been committed wrongfully and fraudulently, with intent to injure the owner of the mortgage.

Where such injury is committed by the mortgagor, or others acting by his direction, knowing his insolvency, and the existence of the security, and that the act complained of will impair it, the action should be sustained.

Where the owner of the mortgage has assigned it for the benefit of his creditors, the assignee is the proper plaintiff in an action for such an injury done after the assignment.

APPEAL from the Circuit Court for *Jefferson* County.

The complaint in this action alleged that, during the pen-

dency of a suit to foreclose a mortgage on a lot in Water-
town, executed by *Costigan*, one of the defendants herein,
the mortgage was assigned to the plaintiff by the mortgagees,
in trust for their creditors; that after judgment of foreclosure
and sale in said suit, the mortgaged premises were advertised
for sale; that at the time of such advertisement, said mort-
gagor was, and ever since had been, insolvent, owning no
property out of which any deficiency in the proceeds of such
sale could be collected; that after such advertisement and
before the sale, the defendants, well knowing these facts, and
that the said lot was inadequate security for the payment of
the moneys due and to become due on said mortgage, and
intending to injure and defraud the plaintiff, wrongfully and
fraudulently removed the windows and doors from the
dwelling house on said premises, and did other injuries to
the same, by reason whereof the said lot, when sold
pursuant to said judgment, on, &c., (which sale had been
duly confirmed), was sold for $500 less than it would other-
wise have brought, and the plaintiff had failed in obtaining
satisfaction of a part of the amount due on said mortgage, to
wit, the sum of $500, which was still due the plaintiff as
such assignee.

The defendants *Johnson* and *Hurley* filed separate answers,
which are here omitted, as the issues thereby raised did not
come to trial.

On the trial the plaintiff offered evidence to maintain the
issue on his part, but the defendants objected, and moved the
court to dismiss the complaint for the following reasons:
1. The complaint does not show a cause of action in the
plaintiff individually, but if at all, in a representative capac-
ity, while the action is brought in his individual capacity.
2. It does not show that the time of redemption had expired,
while no action will lie at law by a mortgagee or his assigns
not in possession of the mortgaged premises, for an injury
thereto before the right of redemption has been extinguished.
3. It does not show that the assignors or creditors have sus-
tained any damage or injury.   4. It does not show that the
defendants intended to injure either the creditors or the as-
signors.   5. An assignee cannot maintain an action on the case

June Term,
1860.

JONES
v.
COSTIGAN et al.

for injury to property, which injury was committed with intent to defraud the assignee. 6. An assignee cannot maintain an action on the case for injury to trust property.

The court ruled that the complaint did not state facts sufficient to constitute a cause of action, and granted the motion to dismiss, from which decision the plaintiff appealed.

*Enos & Hall*, for appellant:

1. The action was properly commenced in the name of the appellant. At common law a trustee could maintain an action for an injury to the trust property (1 Chitty on Pl., 2, 3 and 60), and our statute has not changed the rule. Sec. 14, chap. 122, R. S.; *People vs. Norton*, 5 Seld., 176; Howard's Code, 133-4; *Lewis vs. Graham*, 4 Abb., 106. 2. The complaint shows a cause of action. Though the law regards the mortgagor in possession as the owner of the mortgaged premises, yet equity will restrain him from committing any act which would impair the security. In those states where the courts have no separate equity powers, the action of *quare clausum fregit* has been sustained by the mortgagee against the mortgagor in possession, for waste. 4 Kent, 161; *Smith vs. Goodwin*, 2 Greenl., 173; *Stowell vs Pike*, id., 387. The law will give a remedy for any injury which it would have restrained. "Where there is a legal right there is also a legal remedy by suit or action at law, whenever that right is invaded." 2 Black. Comm., 23. In all cases where a person sustains a loss or damage by the act of another, an action on the case lies, at the suit of the party injured, to repair the damage. 1 Com. Dig., 178. Counsel cited in support of the complaint, *Yates vs. Joyce*, 11 John., 136; *Lane vs. Hitchcock*, 14 id., 213; *Gardner vs. Heartt*, 3 Denio, 234; *Van Pelt vs. McGraw*, 4 Coms., 110.

*Gill, Barber & Fribert*, for respondents:

1. The owner of a mortgage cannot maintain an action for an injury to the mortgaged premises, before entry or before the time for redemption has expired, which, in this state, is not until sale. *Wood vs. Trask*, 7 Wis., 572. His only remedy is by injunction. *Cooper vs. Davis*, 15 Conn., 556; 1 Pow. Mort., 156, note a; 4 Kent's Comm., 155; 2 Swift's Dig., 155, 157, 172; *Wakeman vs. Banks*, 2 Conn., 446, 600;

June Term, 1860.

JONES
v.
COSTIGAN et al.

*Leonard vs. Bosworth*, 4 id., 421; *Toby vs. Reed*, 9 id., 216; *Peterson vs. Clark*, 15 John., 205. Counsel controverted the doctrine of *Van Pelt vs. McGraw, supra*, and a dictum to the same effect, in 3 Denio, 232, as inconsistent with the nature of the mortgagee's interest in the mortgaged premises, as to which they cited *Kelly vs. Burnham*, 9 N. H., 20; 4 Kent's Comm., 155; *Aymar vs. Bill*, 5 Johns. Ch. R., 570; *Ballard vs. Carter*, 5 Pick., 112; *Smith vs. Dyer*, 16 Mass., 18; *Scott vs. McFarland*, 13 id., 309; *Runyan vs. Mersereau*, 11 John., 534; *Wood vs. Trask, supra*; *New London vs. Sutton*, 2 N. H., 401; *Smith vs. Manning*, 9 Mass., 422; *Coles vs. Coles*, 15 John., 319. The mortgagor could recover for such an injury, and his recovery would be no bar to an action by the owner of the mortgage, and thus the defendant would have to respond to two different parties for the same injury. Counsel further argued that the admission in the New York cases referred to, that the action would not lie, unless the defendant had done the injury *with intent to defraud* the owner of the mortgage, was, in effect, an admission that such owner had no rights in the land, an infringement of which could be redressed by action. 2. The complaint is bad, because it does not allege that the defendants intended to injure or defraud the *owners* of the mortgage, or the parties who had a beneficial interest therein. 3. The authorities relied on by the plaintiff's counsel treat the injury to the owner of the mortgage as a mere personal tort, and the right of action therefor was not assignable. *Comegys vs. Vasse*, 1 Peters, 193; *Shoemaker vs. Keely*, 2 Dall., 213; 1 S. & R., 19; 1 Wash., C. C., 13; 3 Kern., 322. 4. The action should have been brought by the plaintiff as trustee, and not in his own name.

November 19. *By the Court*, PAINE, J. The question presented in this case is, whether the owner of a mortgage upon land, who has obtained a judgment of foreclosure and sale, can maintain an action for an injury committed upon the premises before the sale, which impairs the security and prevents the full amount of the debt from being realized, the mortgagor being insolvent, and which was committed wrongfully and fraudulently, with the intent to injure the holder of the mort-

June Term, 1860.

JONES
v.
COSTIGAN et al.

gage. Such is substantially the case made by the complaint, and the court below dismissed it as not stating facts sufficient to constitute a cause of action.

It was contended, with much ingenuity, by the counsel for the respondent, that the action is not maintainable. And his conclusion was based upon what he claimed to be the result of the American authorities, that is, that a mortgagee has no interest in the land, and therefore cannot support an action for an injury to it. But we think this is making an extreme application of the doctrine alluded to, and one which ought not to be sustained.

It may be conceded that the mortgagor is the owner of the fee, and the mortgagee has only a lien or incumbrance on the land. In progressing from the common law rule, that the mortgagee was the owner of the legal title, and the mortgagor had only an equitable interest remaining, to the equitable rule, that the mortgagor is to be considered as the owner and the mortgagee as having a mere security, there has been much confusion and uncertainty as to the precise character of the interests of both. But it will be observed that these questions have generally arisen in settling other collateral questions arising out of the existence of the mortgage, such as the descent of the legal title, rights of dower, or rights of execution creditors against the mortgagor or mortgagee. And the conclusion which has been arrived at, that the mortgagor is to be regarded as the owner of the land, has not been based upon any diminution of the rights of the mortgagee, but upon the assumption that this conclusion was entirely consistent with the preservation of all his rights, according to the real intent of the contract, which was merely that he should have a security upon the land for his debt. When, therefore, it is said that the mortgagee has no interest in the land, this general language must be held to mean that the mortgagor is considered for most purposes as the owner; subject, however, to the right of the mortgagee to preserve and enforce his lien. And this right seems to us all that should be required to sustain this action.

For it is the boast of the law that there is no right without a remedy. And for the purpose of practically carrying out

this maxim, the action on the case at common law was devised and held in reserve, to redress those wrongs which did not find a remedy in any of the established forms of action. The right here is conceded. The mortgagee has a valid incumbrance on the land, which gives him the legal right to subject it to the payment of his debt. The wrong must also be conceded for the purposes of the case. For it is alleged that the defendants fraudulently and wrongfully, and with intent to injure the plaintiff, diminished the value of the land by removing buildings and destroying trees, so that the plaintiff was prevented from subjecting the whole land, and all its value, to the payment of his debt, as he had a legal right to do. Now if there is no remedy for this, the law boasts of what it does not perform. The right is clear, and is a legal right. The wrong is palpable—but there is no redress. If there was any thing in the nature of the case that made such redress impracticable, of course that would be a good answer, for the law neither requires nor undertakes to perform impossibilities. . But when the facts present what would have been properly the subject of an action on the case, and the redress is entirely practicable in such an action, we think that justice ought not to fail by an extreme application of the doctrine relative to the rights of a mortgagee, which was established to reduce him to the position of an incumbrancer, but was not designed to deprive him of protection as such.

Regarding this action in this light, the substance of the injury is the destruction or impairing of the security. Sustaining it is, therefore, not at all inconsistent with the cases which hold that the mortgagee, not having the right of possession, cannot maintain an action for a trespass on the land. A trespass might be committed, and a considerable injury caused, and yet the security remain unimpaired. The argument of the counsel would hold good as to such an action. Because the fact might be admitted, and it would not follow that any right of the mortgagee had been injured. But when it appears that the injury is such as lessens the security and renders it inadequate, then it does appear that he is injured, and unless he can maintain an action, his in-

terest may be wantonly or maliciously destroyed with impunity.

For it is no answer to say that he may resort to an injunction; it being conceded that courts of equity would restrain the commission of such waste as impairing the security. For it is obvious that it might in many cases be committed without the party's knowledge. And the very fact that courts of equity will interfere in such cases to prevent the injury, seems to sustain the right of action for it after it is committed. For it is difficult to comprehend any reasoning by which the interference in the one case could be justified, which would not at the same time sustain the right of action in the other. Counsel seemed to feel the difficulty of this position, and attempted to explain the action of courts of equity, by saying that they enjoined the waste, not because the mortgagee had any legal right in the land which was injured by it, but because it was a violation of good faith on the part of the mortgagor. But surely courts of equity do not interfere to enforce the observance of good faith, where no rights are to be interfered with by its violation. And their interference at all can be justified only on the assumption that the mortgagee has an interest which is entitled to protection, and is injured by such a destruction of the value of the property, as leaves it an inadequate security. And it would seem a most inexplicable anomaly for the law to say to him through one of its tribunals, that if he could ascertain before hand that such an injury was contemplated, it would protect him by the extraordinary remedy of injunction; and yet when it was inflicted before he became aware of the intention to commit it, to tell him through another tribunal, that he had no right which had been violated, and was entitled to no redress. We think, therefore, upon principle, that the action should be sustained.

And the authorities justify the same conclusion. It is conceded by the counsel for the respondent, that it is supported by the following : *Van Pelt vs. McGraw*, 4 Coms., 111; *Gardner vs. Heartt*, 3 Denio, 102. The principle on, which the action rests, is also established in *Yates vs. Joyce*, 11 John., 136, which was an action by a judgment creditor for

an injury to real estate on which the judgment was a lien, the debtor being insolvent, and the defendant having committed the injury wrongfully, with a view to impair the plaintiff's security. The same doctrine is also approved in *Lane vs. Hitchcock*, 14 John., 213. See also *Smith vs. Moore*, 11 N. H., 55.

These cases not only fully sustain this action, but their reasoning, particularly that in *Van Pelt vs. McGraw*, furnishes a satisfactory answer to the cases most strongly relied on by the respondent. The same remarks there made in regard to *Peterson vs. Clark*, 15 John., 205, are applicable to *Cooper vs. Davis*, 15 Conn., 556. That was an action where the title to mill-stones was involved, which had been severed from the premises and sold by the mortgagor while in possession. The case turned upon the title to the mill-stones, and the question whether an action like the present could be sustained, was not involved. The language of the court relied on, relates to the action for waste, as known at the common law, for an injury to the property, without reference to the question whether the security was injured.

The right of action seems entirely clear, where the injury is committed by a mere trespasser. It is not at all impeached by the fact that the mortgagor might also sustain an action for the same injury. It is frequently the case that different persons, having different interests in property, have each a right of action for an injury to it, each recovering the damage to his own interest. The only difficulty that could arise, would be where the injury is committed by the mortgagor, or under his direction. He being the owner, and having the right to treat the property for all purposes as his own, subject, however, to the rights of the mortgagee, the difficulty would be to define precisely what acts should render him, or those acting under his authority, liable to an action. But we think that *Van Pelt vs. McGraw* establishes the true rule, and that where an injury is committed by the mortgagor, or others acting by his direction, knowing his insolvency, and the existence of the security, and knowing that the act complained of will impair it, the action should be sustained.

The objection that the appellant cannot maintain the ac-

tion as trustee, for the reason that it was a tort, and the right of action therefor could not be assigned, is not valid. If the injury had been committed before the assignment, then it would be good; but here it was committed after the assignment, and the assignee, holding the title for the benefit of all the parties for whom it was made, is the proper plaintiff.

The judgment is reversed, with costs, and the cause remanded for further proceedings.