IN RE TERMINATION OF PARENTAL RIGHTS OF RYDE, and another, a/k/a Ben Robert Ryde: RYDE, Appellant, V. DANE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.

*No. 75–190. Argued February 28, 1977.—Decided March 29, 1977.*
(Also reported in 251 N. W. 2d 791.)

For the appellant there was a brief and oral argument by *Jerry L. Hancock* of Madison.

For the respondent the cause was argued by *Ward L. Johnson,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *Humphrey J. Lynch,* district attorney, and *James A. Crandall,* assistant district attorney.

HEFFERNAN, J.   The order of the circuit court dismissed the appeal from the juvenile court which denied a request for the extension of time to serve a transcript. Judge Bardwell dismissed that appeal because the appeal on the merits had previously been dismissed in another branch of the circuit court.  Judge Bardwell, accordingly, concluded that he was without jurisdiction to proceed on an appeal concerning an intermediate order when the principal appeal had been dismissed.  Because the trial court correctly found that it was without jurisdiction to proceed, this court is also without jurisdiction; and, accordingly, we affirm the trial court's order and dismiss the appeal.

This appeal grows out of a proceeding in the juvenile court of Dane county.  That proceeding terminated the parental rights of Jill Susanne Kimball Ryde in respect to her two children, John and Robert.  The order for the termination of parental rights was pursuant to the procedure set forth in secs. 48.40–48.43, Stats.  The order terminating parental rights was entered on March 1, 1974.  A notice of appeal to the circuit court was timely filed on April 5, 1974.

Sec. 274.115, Stats., under the rationale of *Walford v. Bartsch,* 65 Wis.2d 254, 222 N.W.2d 633 (1974), is applicable to appeals from the county court to the circuit court.  That statute requires that the service of a transcript must be made within three months after the service of the notice of appeal.  The same statute provides, however, that the time for such service may be extended by the trial court for good cause shown.

In the instant case this statute would, therefore, require the service of a transcript by July 5, 1974.  Counsel for Jill Ryde recognized inability of his client to secure the timely preparation of a transcript, and accordingly secured an extension of the time for such service until August 19, 1974.

During the pendency of the appeal to the circuit court, other motions were brought by the appellant's counsel on behalf of his client. On July 26, 1974, counsel for Jill Ryde sought and obtained a hearing in the circuit court to determine whether, because of Jill Ryde's indigency, the state should pay for the transcript. Jill Ryde did not appear at the hearing, and because of the lack of any evidence to show indigency, counsel's motion to have the state pay for the transcript was denied.

Shortly thereafter counsel, because of "irreconcilable differences" between himself and Jill Ryde, asked to be discharged from further representation.

On August 14, 1974, original counsel was relieved from further obligation to serve, and the Legal Services Center of Dane County was substituted as counsel for Jill Ryde. On that day, with five days remaining of the extended time for the service of the transcript, Attorney Hancock of the Legal Services Center requested another extension of time for the service of the transcript. The record fails to show that counsel for Dane county was given notice of this additional request for an extension.

On August 29, 1974, counsel for Dane county petitioned for, and obtained from Circuit Judge W. L. Jackman, to whom the appeal from the juvenile court had been assigned, an order directing Jill Ryde to show cause why the appeal to the circuit court should not be dismissed for the failure to serve a transcript. That order to show cause was returnable on September 30, 1974. On September 30, 1974, Judge Erwin M. Bruner, the juvenile court judge, denied the request for further extension of time to serve the transcript. On the same day, the hearing on the order to show cause was held before Judge W. L. Jackman. After considering the facts surrounding the appeal and after review of the recommendation of the guardian *ad litem* for the Ryde children, Judge Jackman, on October 2, 1974, entered an order dismissing Jill Ryde's appeal on the merits.

The order of the court dismissing the appeal following Judge Jackman's hearing was an appealable order under the provisions of sec. 274.33 (2) (a), Stats., as a final order of the court affecting a substantial right. This order, which effectively disposed of the case, was not appealed. Instead, counsel appealed from the September 30, 1974, order of Judge Bruner, which denied the request for further extension of time. This order also falls within the classification of appealable orders set forth in sec. 274.33 (2) (a).

The appeal from the Bruner order of September 30, 1974, was heard by the circuit court for Dane county, Judge Richard W. Bardwell presiding, on April 4, 1975. On April 22, 1975, he dismissed the appeal from Judge Bruner's order, because he concluded that Judge Jackman's order of October 2, 1974, which dismissed the appeal, deprived the circuit court of all jurisdiction in respect to any orders that might otherwise be appealable arising out of the principal case. He also alternatively ruled that, under the circumstances, Judge Bruner did not abuse his discretion in refusing a second extension of time for the service of the transcript. While, on the basis of the record before us, we conclude that he was correct in concluding that Judge Bruner's order did not constitute an abuse of discretion, we also conclude that, by virtue of the order of the court made by Judge Jackman dismissing the appeal, Judge Bardwell was without jurisdiction.

The order of Judge Jackman, as stated above, was appealable; and had that appeal been presented to this court, it would have raised not only the question of the propriety of the order of dismissal, but also the underlying order of Judge Bruner entered two days earlier denying an extension of the time for the service of the transcript. Judge Bruner's order, as an intermediate

order in a special proceeding, would have been reviewable on an appeal from the Jackman order of dismissal. *In re Adoption of Brown*, 5 Wis.2d 428, 435, 92 N.W.2d 749 (1958).

Inasmuch as no attempt has been made to appeal from the final order of dismissal by Judge Jackman and the time for that appeal has long since run, this court is without jurisdiction to review that order. Under the practice of this court, Judge Jackman's order of dismissal for want of the transcript may well have been erroneous, for we have frequently said the want of a transcript is not jurisdictional to an appeal but merely limits the review to those portions of the record that are available to the reviewing court. *Herro, McAndrews & Porter v. Gerhardt*, 62 Wis.2d 179, 180, 214 N.W.2d 401 (1974), citing *Nichols v. United States Fidelity & Guaranty Co.*, 13 Wis.2d 491, 109 N.W.2d 131 (1961).

Whether Judge Jackman erred is, however, irrelevant, because no appeal was ever taken from his order to dismiss, and without such appeal this court cannot review the order to determine whether or not it is correct. That order, not appealed, terminated all possibility of further review of the juvenile court's order terminating parental rights.

This court decided this issue as long ago as 1860, when, in *Spaulding v. Milwaukee & Horicon Rr. Co.*, 12 Wis. 677 (*607) (1860), we concluded that this court was without jurisdiction of an appealable order in a foreclosure action when the principal action, in the interim pending the appeal, was dismissed or withdrawn in the trial court. As the court said therein, "The appeal in this court would fall, as a matter of course, with the principal cause." (at 681, (*610)). Not only is this conclusion in accord with established law; but, as a matter of common sense, it is apparent that subsidiary or

intermediate orders become irrelevant if the principal case falls by the wayside. That being correct, as we clearly conclude it is, Judge Bardwell properly held that he had no jurisdiction to review the order of Judge Bruner. The entire appeal was ended by virtue of Judge Jackman's dismissal unless it were revived by a timely appeal to this court.

It is, of course, boilerplate law that, where a trial court has no jurisdiction, the appeal to this court confers no jurisdiction over subject matter which is not before the trial court. Our jurisdiction in such a case is confined only to the jurisdictional question itself.[1] Because we conclude that Judge Bardwell correctly held that the circuit court, at the time the matter was brought before him, had no jurisdiction, we affirm the correctness of that finding. Our only jurisdiction is to dismiss the appeal. *Miedzinowski v. St. Joseph's Orphan Asylum,* 193 Wis. 635, 637, 215 N.W. 583.

This court is loathe to dismiss an appeal when the question with which the appellant is concerned could have been raised had the appeal been taken from the proper order. This case, however, is completely beyond the power of this court to change or alter. We have no jurisdiction to proceed. The record before us, which includes exhibits and reports of social workers, a chronology of the events that led to the termination of parental rights, and a report of the guardian *ad litem* urging the termination of parental rights, shows that Judge Bruner committed no error of law when he entered his original order on March 1, 1974, and did not abuse his discretion when he terminated the parental rights of Jill Ryde. That determination, however, is not jurisdictionally within our power to make under the present circumstances.

[1] An order of a court deciding a question of jurisdiction is specifically made appealable by sec. 274.33(3), Stats.

Moreover, the guardian *ad litem,* who was appointed to represent the best interests of the minor children, urged the dismissal of the appeal when the issue was before Judge Jackman and has on numerous occasions, as demonstrated by the record, stated that Jill Ryde's appeal was without merit and contrary to the best interests of the children. The guardian *ad litem* of the children also filed a brief in this court and made a personal appearance at oral argument contending that this court was without jurisdiction to review the order appealed from. He also made it clear to this court that any disposition which would now assert further jurisdiction would be contrary to the best interests of the children. This court is without jurisdiction, and we are also satisfied that no injustice has been done to the children, the parties principally concerned, by the failure to appeal from Judge Jackman's order of dismissal.

*By the Court.*—Order affirmed; appeal dismissed.