STATE of Wisconsin, Plaintiff-Respondent,†

v.

Robert A. RUSHING, Defendant-Appellant.

Court of Appeals

*No. 95–0663–CR. Submitted on briefs August 14, 1995.—Decided October 10, 1995.*

(Also reported in 541 N.W.2d 155.)

†Petition to review denied.

632

633

On behalf of the defendant-appellant, the cause was submitted on the brief of *Kyle D. White* of St. Paul, Minnesota, and *Kristina E. Williamson* of Roseville, Minnesota.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doye,* attorney general, and *James M. Freimuth,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Robert Rushing appeals his judgment of conviction of second-degree sexual assault of a child, § 948.02(2), STATS.,[1] following a jury trial. Rush-

---

[1] Section 948.02(2), STATS., provides in pertinent part: "SECOND DEGREE SEXUAL ASSAULT. Whoever has . . . sexual intercourse with a person who has not attained the age of 16 years is guilty of a Class C felony."

Section 948.01(6), STATS., provides the definition of sexual intercourse referenced in § 948.02(2), STATS.:

ing offers five alternative grounds for reversing the conviction and remanding the case for a new trial: (1) The trial court erred by admitting evidence of Rushing's prior act of oral sex with a consenting nineteen-year-old man; (2) the evidence was insufficient to support the conviction; (3) the State engaged in prosecutorial misconduct; (4) the trial court unreasonably excluded evidence from Rushing's expert witness; and (5) Rushing's trial counsel was ineffective. We conclude that the evidence was sufficient to sustain a finding of guilt; therefore, dismissal with prejudice of the underlying charge is not required.[2] However, because we conclude that the trial court unreasonably exercised its discretion when it admitted evidence of the prior consensual homosexual act, we reverse and remand for a new trial. Consequently, we need not rule on the remaining issues.

The criminal information alleged that in the early morning of October 31, 1993, Rushing had sexual intercourse with fifteen-year-old Michael J. by placing his mouth on Michael's penis while Michael, who had been baby-sitting Rushing's children, was asleep at Rushing's residence. According to Michael's testimony, he was asleep next to a fold-out couch on which his brother

"Sexual intercourse" means vulvar penetration as well as cunnilingus, fellatio or anal intercourse between persons or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal opening either by the defendant or upon the defendant's instruction. The emission of semen is not required.

[2] The State correctly notes that if this court determined there is insufficient evidence of guilt, the prohibition against double jeopardy means the remedy would not be a new trial but vacation of the judgment and dismissal of the underlying charge with prejudice. *See State v. Ivy*, 119 Wis. 2d 591, 608, 350 N.W.2d 622, 631 (1984).

and Rushing's son were sleeping when Rushing returned home at approximately 3 a.m. Michael said Rushing woke him and suggested he could sleep in Rushing's son's room. Michael did so and climbed into the bed wearing his jeans, T-shirt, boxer shorts and socks.

Michael said that sometime thereafter, he woke up when he "felt somebody grabbing my penis over my pants." Michael said he initially thought it was Rushing's son trying to get into the bed and thereafter said something like "your dad told me I could sleep here." Michael said he thought this contact was "an accident" and rolled over to go back to sleep.

According to Michael, he was awakened again when he "felt someone sucking on my penis." Michael said the quilt had been moved off him, his jeans had been unzipped and his penis was exposed through the fly hole of his boxer shorts. Michael said someone was kneeling down on the right side of the bed next to him. He said he told the person to quit it and when the person tried to grab him, he pushed the person's arm away, telling the person to "knock it off." Michael said he then remained still and looked back to see the door to the room being closed.

Michael said he recognized the person who was in the room with him as Rushing from the heavy weight on the bed, the "hairy arm" that Michael pushed away and the distinct sound of Rushing's breathing, which Michael described as "deep and wheezy." Michael said his identification was further confirmed when he heard the person immediately go downstairs to Rushing's bedroom after closing the door, noting that the loud squeak on the stairs indicated the presence of a heavier person.

Michael said that after Rushing left the room, he zipped his pants and ran home. Upon arriving home, Michael woke his older brother, Chad, and told him what had happened. Chad testified that Michael was crying hard, was out of breath and had a red face. Michael's mother was also upset and called the police. Michael gave a statement to police that morning and later spoke to another officer.

At trial, the jury heard testimony from Michael, Chad and their mother. Rushing also took the stand and testified that after he told Michael to use his son's bed, he went to his own bedroom, where he fell asleep watching television. Rushing said that hours later, he was awakened by a commotion downstairs. He went downstairs and his son told him Chad had come to retrieve his brother and had left. Rushing said he was puzzled but gave the incident no thought, returned to his room and fell asleep. Rushing said he was subsequently awakened by a telephone call from the police. When the police arrived at his home later that morning, they questioned him about Michael's allegations of sexual assault. Rushing denied the allegations, but was arrested.

At trial, the State called Timothy Anderson to the stand. Anderson testified to a sexual encounter with Rushing that occurred within two weeks prior to the charged assault. Anderson said that he was nineteen years old when he met Rushing at a park. Anderson testified that at the park, Rushing put his mouth on Anderson's penis. Anderson said this intercourse was consensual and that he has had two homosexual experiences with other men. In response to Anderson's testimony, Rushing testified that while he has had consensual sex with other men in the past, he has never had sex with anyone without his or her consent.

The jury convicted Rushing of second-degree sexual assault, and the trial court sentenced him to a prison term of nine years, which was stayed in favor of a ten-year period of probation that included one year in jail. Rushing now appeals the judgment of conviction.

Rushing raises several issues on appeal. This court is to decide cases on the narrowest possible ground. *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989). However, if this court concludes that a new trial is required, double jeopardy considerations require this court to review Rushing's claim that his conviction was not supported by sufficient evidence. *See State v. Ivy*, 119 Wis. 2d 591, 609-10, 350 N.W.2d 622, 631-32 (1984). Therefore, we will address first Rushing's claim that there was insufficient evidence to convict him. The essential elements of second-degree sexual assault of a child, § 948.02(2), STATS., where the charged crime is sexual intercourse are: (1) that the defendant had sexual intercourse with the child; and (2) that the child had not attained the age of sixteen years at the time of the sexual intercourse. *See* WIS J I—CRIMINAL 2104. Sexual intercourse is defined in § 948.01(6), STATS., and includes fellatio.

The burden of proof in a criminal case is on the State to prove every essential element of the crime charged beyond a reasonable doubt. *Bailey v. State*, 65 Wis. 2d 331, 353, 222 N.W.2d 871, 882 (1974). The standard for reviewing the sufficiency of the evidence to support a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In order for

the court to reverse, the evidence must be in conflict with "fully established or conceded facts." *Day v. State*, 92 Wis. 2d 392, 400, 284 N.W.2d 666, 671 (1979). These principles are the same regardless of the extent to which the conviction rests on circumstantial evidence. *State v. Poellinger*, 153 Wis. 2d 493, 503, 451 N.W.2d 752, 756 (1990).

Rushing argues that there was no direct or circumstantial evidence that an assault occurred because Michael did not observe anyone performing oral sex on him. Rushing argues that Michael was in a heavy sleep and, at best, claims to have seen a shadowy figure and heard breathing. Rushing notes that Michael never saw the alleged assaulter get off the bed, walk around the bed, cross the room, open the bedroom door, exit and close the door. Instead, Michael testified that after he waited in bed for two minutes after the bedroom door closed, he got out of bed and felt his penis, which he found to be wet. Rushing's brief argues, "[N]o reasonable trier of fact could have found Mr. Rushing guilty based upon the alleged victim finding his penis wet and deducing that Mr. Rushing therefore assaulted him." Therefore, Rushing argues, there was insufficient evidence to convict him.

The State argues that there was sufficient evidence to convict Rushing. For example, Michael testified that he woke up because he actually felt someone sucking on his penis, and this occurred after he had been awakened by feeling someone touching his penis over his jeans. Michael also testified that while his penis was wet, it was also flaccid, and he observed no ejaculate of any kind in his shorts. Additionally, Michael said he saw someone kneeling down on the right side of the bed, weighing it down. Michael testi-

fied he felt a hairy arm grab for him when he rolled over to avoid further contact. Finally, Michael immediately ran home and reported the incident to his family and the police. After viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319. Therefore, we reject Rushing's argument that his conviction should be reversed on grounds of insufficient evidence.

Because we conclude there was sufficient evidence for the jury to find Rushing guilty, we turn to Rushing's alternative grounds for granting a new trial. First, Rushing argues that the trial court erred when it admitted evidence of Rushing's sexual encounter with a consenting nineteen-year-old man one week before the alleged crime.

At a pretrial motion hearing, the State argued it should be allowed to present evidence of Rushing's encounter with Anderson in the park.[3] The State offered the evidence under § 904.04(2), STATS.,[4] to demonstrate Rushing's "motive" and "intent" to commit the charged crime. The State argued that evidence

---

[3] The State's written motion to the trial court is not contained in the record, so we are unable to consider the arguments the State may have made in written form prior to the motion hearing. *See In re Ryde,* 76 Wis. 2d 558, 563, 251 N.W.2d 791, 793 (1977) (lack of transcript limits review to those parts of the record available to the appellate court).

[4] Section 904.04(2), STATS., provides:

OTHER CRIMES, WRONGS OR ACTS. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

of the encounter would show Rushing's "predatory purpose" to take sexual advantage of young males when circumstances made them vulnerable. The State argued that Anderson was vulnerable because he had "an immediately discernible mental defect" and that Michael was vulnerable because he was asleep at the time of the alleged assault.

Rushing objected, arguing that intent is not an element of the charged crime and that sexual intercourse with a consenting adult male does not equal the desire or motive to have non-consensual intercourse with a minor. The trial court ruled the evidence admissible. When Anderson testified at trial, the court instructed the jury that the other acts evidence could be used only as evidence of motive and identity.[5]

Evidence of other acts is not admissible to prove the character of the person in order to show that the person acted in conformity therewith. Section 904.04(2), STATS. However, evidence of other acts may be offered for limited purposes under § 904.04(2). Under our supreme court's holding in *State v. Plymesser*, 172 Wis. 2d 583, 493 N.W.2d 367 (1992), before the State may introduce evidence of other crimes, wrongs or acts, a court must determine that the evidence is admissible under both §§ 904.04(2) and

---

[5] It is unclear from the record why the trial court, after indicating at the motion hearing that Anderson's testimony would be admissible to prove motive and intent, indicated to the jury at trial that the testimony was being admitted to prove motive and identity. The record reveals no post-motion hearing discussion of the admissibility of Anderson's testimony; it does contain Anderson's testimony before the jury.

904.03, STATS.[6] *Plymesser,* 172 Wis. 2d at 591, 493 N.W.2d at 371. We will uphold the trial court's decision to admit evidence if we can determine a reasonable basis for it. *Id.* The question is not whether this court, ruling initially on the admissibility of the evidence, would have permitted it to come in, but whether the trial court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of record. *Id.* If we conclude that the trial court failed to adequately explain its discretionary ruling, we independently examine the record to determine whether it provides a reasonable basis for the ruling. *State v. Clark,* 179 Wis. 2d 484, 490, 507 N.W.2d 172, 174 (Ct. App. 1993).

Admission of other acts evidence is governed by a two-part test. First, the trial court must decide whether the proffered other acts evidence fits within one or more of the permitted uses set forth in § 904.04(2), STATS. *Plymesser,* 172 Wis. 2d at 591-92, 493 N.W.2d at 371. Implicit in this first step is a determination that the proffered other acts evidence is relevant to the case. *State v. Fishnick,* 127 Wis. 2d 247, 254, 378 N.W.2d 272, 276 (1985). The second part of the test requires the trial court to determine whether the danger of unfair prejudice in admitting the proffered evidence substantially outweighs the probative value of the evidence, so as to warrant exclusion of the evidence. Section 904.03, STATS.

---

[6] Section 904.03, STATS., provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Applying the first part of the two-part test, we conclude that our examination of the trial court's reasons and our independent examination of the record fail to provide a reasonable basis for admission of the evidence. Other acts evidence is admissible when probative of the elements of a crime, subject to the general rule excluding character evidence. *Fishnick*, 127 Wis. 2d at 260, 378 N.W.2d at 279. Unlike the facts in *Plymesser*, the charged crime in this case is not sexual contact, which includes the element that the defendant had intentional sexual contact with the victim for the purpose of becoming sexually aroused or gratified, or for the purpose of sexually degrading or humiliating the victim. *Id.* at 593, 493 N.W.2d at 372; § 948.01(5), STATS.[7] Instead, the charged crime in this case is sexual intercourse, which requires only that the defendant had sexual intercourse with a person who had not yet attained the age of sixteen. *See* §§ 948.02(2), 948.01(6), STATS., and WIS J I—CRIMINAL 2104. Because the State does not have to prove intent, the evidence of Rushing's prior act is not admissible to show proof of motive or intent.

At trial, Anderson's testimony was admitted in part to prove identity. Nowhere in the record does any party articulate reasons why Anderson's testimony is probative of identity. However, we have independently

---

[7] Section 948.01(5), STATS., provides:

"Sexual contact" means any intentional touching by the complainant or defendant, either directly or through clothing by the use of any body part or object, of the complainant's or defendant's intimate parts if that intentional touching is either for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant.

examined the record to determine whether it provides a reasonable basis for the ruling. *See Clark*, 179 Wis. 2d at 490, 507 N.W.2d at 174. We conclude the record does not support the trial court's decision to permit evidence of Rushing's prior homosexual act to prove identity.

Our supreme court has discussed the standard to be used in evaluating other acts evidence offered to prove identity. In *State v. Kuntz*, 160 Wis. 2d 722, 746-47, 467 N.W.2d 531, 540 (1991), the court stated:

> To be admissible for the purpose of identity, the other-acts evidence should have such a concurrence of common features and so many points of similarity with the crime charged that it "can reasonably be said that the other acts and the present act constitute the imprint of the defendant." *Fishnick*, 127 Wis. 2d at 263-64, 378 N.W.2d 272. The threshold measure for similarity with regard to identity is nearness of time, place, and circumstance of the other act to the crime alleged. *Id.* at 264, n. 7, 378 N.W. 272.

The court also noted that the standards of probativeness and relevance are stricter when other acts evidence is used to show identity because of the greater prejudice that usually accompanies such evidence. *Kuntz*, 160 Wis. 2d at 749, 467 N.W.2d at 541.

In order for Anderson's testimony to be admissible to prove identity, his encounter with Rushing in the park should be so similar to Rushing's alleged assault on Michael that it can reasonably be said that the park encounter and the assault on Michael constitute Rushing's imprint. We conclude it is not. Although the park encounter and the alleged assault occurred within two weeks of one another, the circumstances of the incidents were quite dissimilar. Having a homosexual

encounter with a consenting adult is completely different from assaulting a sleeping child. That dissimilarity alone is sufficient to exclude this evidence because the fact that one has intercourse with another adult is not proof of the identity of one who commits a sexual assault on a child. The message of § 904.04(2), STATS., is clear: evidence of other acts is not admissible to prove the character of a person to show that the person acted in conformity with that character. Rushing's prior homosexual encounter cannot be introduced to suggest that because he has engaged in homosexual conduct, he is also likely to assault children.

Our conclusion that the circumstances of Rushing's encounter with Anderson and the alleged assault are too dissimilar to admit Anderson's testimony is even more compelling because the acts occurred in dissimilar places: The park encounter took place outdoors in a public place, while the alleged assault took place indoors in a private residence.

Because we conclude that the trial court unreasonably exercised its discretion when it found Anderson's testimony was admissible under § 904.04(2), STATS., to prove motive, intent or identity, we need not discuss the trial court's second determination under the other acts evidence two-part test. However, we will address the State's argument that if error occurred, it was harmless and this court should therefore affirm the conviction.

When it is clear that error has been committed, this court should be sure the error did not work an injustice. *State v. Dyess*, 124 Wis. 2d 525, 541, 370 N.W.2d 222, 230-31 (1985). In *Dyess*, our supreme court stated, "The only reasonable test to assure this result is to hold that, where error is present, the

reviewing court must set aside the verdict unless it is sure that the error did not influence the jury or had such slight effect as to be *de minimus*." *Id.* at 541-42, 370 N.W.2d at 231 (emphasis in original). The appropriate test, the court concluded, should be whether there is a reasonable possibility that the error contributed to the conviction. *Id.* at 543, 370 N.W.2d at 231-32. If it did, reversal and a new trial must result. *Id.* at 543, 370 N.W.2d at 232. The State, as beneficiary of the error, bears the burden of establishing that there is no reasonable possibility that the error contributed to the conviction. *Id.*

Applying these standards to the instant case, we conclude that the State has not met its burden. There is a reasonable possibility that the jury drew impermissible inferences from Anderson's testimony. Specifically, the jury may have concluded that because Rushing had a homosexual encounter with an adult, he is likely to have assaulted a child. We recognize that the trial court, as well as the State, on several occasions told the jury that Anderson's testimony was to be used for limited purposes. However, we conclude that the testimony was so unfairly prejudicial that the limiting instruction was insufficient. Because the State has not convinced us there is no reasonable possibility the error contributed to the conviction, we reverse Rushing's conviction and remand for a new trial.

We have concluded that a new trial is warranted. The general rule is that if a decision on one point disposes of an appeal, this court will not decide other issues raised. *Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938); *Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983). However, this

court may address other issues in the interest of judicial economy if the issues are likely to arise at a second trial. *State v. Temby*, 108 Wis. 2d 521, 527, 322 N.W.2d 522, 525 (Ct. App. 1982). In this case, we conclude that Rushing's claims of ineffective assistance of counsel and prosecutorial misconduct need not be addressed. Additionally, while it is possible that Rushing will again seek to admit expert testimony relating to dreams, recollection and false allegations of sexual assault, we recognize that the proffered evidence and witnesses may vary from the first trial. Therefore, we will not instruct the trial court to accept or reject this testimony if it is offered at the new trial. However, we encourage the trial court to review any new motions to admit expert testimony in light of the methodology discussed in cases such as *State v. Pittman*, 174 Wis. 2d 255, 496 N.W.2d 74 (1993), and *State v. Jensen*, 147 Wis. 2d 240, 432 N.W.2d 913 (1988).

*By the Court.*—Judgment reversed and cause remanded with directions.

MYSE, J. (*concurring*). I concur in the result but write separately to emphasize my concern that the "other acts" exception has overwhelmed the general rule that other bad acts are not admissible in evidence. We have greatly relaxed the standards of admissibility for other bad acts in sexual assault cases, especially those involving young children. *See State v. Fishnick*, 127 Wis. 2d 247, 257, 378 N.W.2d 272, 277-78 (1985). This determination was based upon the perceived necessity of permitting such evidence because of the private nature surrounding the commission of most sexual crimes. *See State v. Friedrich*, 135 Wis. 2d 1, 30-31, 398 N.W.2d 763, 777 (1987). Because children are

650

particularly vulnerable, it was felt this type of evidence was appropriate and necessary to protect children from these sexual assaults. *See id.*

However, we must be mindful that balance in this rule is required lest innocent defendants be convicted not because they are guilty of the offense charged, but because they have committed other crimes in the past. We strike this balance by providing a general rule of exclusion with limited exceptions permitting the admission of other bad acts evidence. In my experience, however, other bad acts evidence is rarely rejected by the trial court, and the evidence irrespective of its remoteness and probative value inevitably finds its way before the jury. I think it is time we restrain the introduction of this evidence as a matter of course and reaffirm our commitment to the fairness of a trial so as to protect innocent defendants from unjust convictions.

In this case there is no confusion as to why the State offered the prior homosexual act as proof of identity. The State's theory is that because Rushing is a homosexual, he is likely to have committed this homosexual act. This evidence is inadmissible because it is character evidence demonstrating the character trait of homosexuality, which the State attempts to use to prove Rushing committed a specific homosexual act. This is impermissible and under § 904.04, STATS., should have been excluded without hesitation or equivocation. Its admission was certainly prejudicial because the jury may well have adopted the prosecution's reasoning by finding the defendant guilty, not because he committed the crime, but because he was a homosexual predisposed to engage in the conduct of which he was accused. A subsequent jury will have to determine the guilt or innocence of this defendant, but

651

it should do so without the stigma of homosexuality tainting the entire proceeding.